**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

ERIC J. MAPES,

        Plaintiff,

        v.

CARROLL COUNTY SUPERIOR COURT
and CARROLL COUNTY CLERKS OFFICE,

        Defendants.

CAUSE NO.: 4:25-CV-26-TLS-AZ

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 14] filed by Defendant

Carroll County Superior Court and a Motion to Dismiss [ECF No. 16] filed by Defendant Carroll

County Clerks Office. For the reasons set forth below, the Court grants the motions and

dismisses the Complaint for failure to state a claim.

**PROCEDURAL AND FACTUAL BACKGROUND**

On March 25, 2025, Plaintiff Eric J. Mapes, pro se, filed a Complaint [ECF No. 4] in the

Carroll County, Indiana, Superior Court against Defendants Carroll County Superior Court

(Superior Court) and Carroll County Clerks Office (Clerk's Office). The Complaint invokes Title

II of the Americans with Disabilities Act, the Rehabilitation Act, and the First and Fourteenth

Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Although the

Complaint indicates that more than three defendants are being sued, only the Superior Court and

the Clerk's Office are named. *See* Compl. 2, 7.

In the Complaint, the Plaintiff alleges that the Defendants intentionally violated his rights

as a man with multiple disabilities, took actions with deliberate indifference to his disabilities,

and retaliated against him. *Id.* The Plaintiff alleges that the Defendants used coercive threats and

intimidation of the Plaintiff and his autistic son after the Plaintiff asserted his rights under the

ADA and the Constitution, where the Defendants instructed court security to engage in acts of

intimidation and coercion because of the Plaintiff's and his son's disabilities. *Id.* 2–3. The

Plaintiff alleges that "[t]he Superior Court Defendant has also shown ongoing exploitation and

differential treatment regarding the disabled Plaintiff's rights under the ADA and his

Constitutional rights that protect his and his son's property where the Court corruptly influenced

the due administration of justice." *Id.* 3. The Plaintiff alleges that, on March 11, 2025, the

"superior court clerk" retaliated against the Plaintiff and his three-year old autistic son "merely

because an unlawful act was opposed and the clerk then used court security to threaten[] and

intimidate the Plaintiff and his autistic son . . . ." *Id.*

The next several pages of the Complaint recite law and history related to the Americans

with Disabilities Act, retaliation, hate crimes, criminal law, and the United States Constitution.

*Id.* 4–9.

The Plaintiff then brings a claim under the ADA. *Id.* 9–10. Citing 42 U.S.C. § 12101, the

Plaintiff alleges that he, as a person with multiple disabilities, was "excluded . . . from

participating in and receiving the benefits of the services of a place of public accommodation."

Compl. 9. The Plaintiff alleges that he is disabled from a neurological voice disorder—

spasmodic dysphonia. *Id.* 3–4. He alleges that the Defendants' "practices after they were placed

on notice were intentionally discriminatory and exhibited a deliberate indifference to the strong

likelihood" that his rights under the ADA would be violated. *Id.* 10. He alleges that the

Defendants violated his rights under the ADA, denying him the benefits of services, subjecting

him to retaliation, and subjecting him to discrimination based on his disabilities. *Id.* He alleges

that, as a result, he suffered humiliation, anxiety, mental anguish, emotional distress, and

ongoing retaliation and deprivation of rights. *Id.*

The Plaintiff also brings a claim under the First Amendment, alleging that the Plaintiff

was excluded from participating in and receiving the benefit of the services of a place of public

accommodation after he engaged in federally protected activities and rights. *Id.* He alleges the

Defendants mistreated him in violation of the First Amendment as a direct result of him

exercising his rights under the Constitution and Title II of the ADA. *Id.* 11. He alleges he has

suffered humiliation, anxiety, mental anguish, emotional distress, and ongoing retaliation and

deprivation of rights. *Id.*

The Complaint's prayer for relief requests declaratory and equitable relief, compensatory

damages, and punitive damages. *Id.*

On May 8, 2025, the Superior Court filed a Motion to Dismiss [ECF No. 14], and on May

19, 2025, the Clerk's Office filed a Motion to Dismiss [ECF No. 16].

On June 2, 2025, the Plaintiff filed a five-page "Motion for Clarification" [ECF No. 18],

which purports to provide clarification of his claims.

On June 11, 2025, the Clerk's Office filed a Reply [ECF No. 19] in support of its Motion

to Dismiss. The Reply was to the Plaintiff's Response [ECF No. 27], which the Plaintiff had

served on the Clerk's Office on June 4, 2025, but did not file with this Court until June 20, 2025.

*See* ECF No. 27.

On June 20, 2025, the Plaintiff filed a six-page, unsigned "Plaintiff's Reply to

Defendant's Mischaracterization of Claims, Legal Exploitation, and Failure to Meet Burden-

Shifting Requirements" [ECF No. 23].[1] It is unclear what filing this is in response to.

---

[1] Northern District of Indiana Local Rule 5-4(b)(1)(C) requires that "[p]apers delivered to the clerk for
filing must . . . include the filer's original signature." This filing has no original signature. Rather, the

On June 20, 2025, the Plaintiff also filed a four-page, unsigned "Opposition to Defendant's Motion to Dismiss" [ECF No. 24] but does not specify which motion to dismiss it is responding to. However, on page 3, the Plaintiff argues that "clerks are public servants subject to accountability," suggesting that this is a response to the Clerk's Office's Motion to Dismiss [ECF No. 16]. The Certificate of Service provides that the filing was sent to counsel for both Defendants on June 14, 2025.

On June 20, 2025, the Plaintiff filed a second, five-page "Opposition to Defendant's Motion to Dismiss [ECF No. 27] but again does not specify which motion to dismiss it is responding to. However, on page 1, the Plaintiff references "Defendants' counsel, Deputy Attorney General Alexander Myers," suggesting that this is a response to the Superior Court's Motion to Dismiss [ECF No. 14]. The Certificate of Service provides that the filing was sent to counsel for both Defendants on June 4, 2025.

On June 20, 2025, the Plaintiff also filed an unsigned Amended Complaint [ECF No. 25], and on June 26, 2025, the Clerk's Office filed a Motion to Strike [ECF No. 29], asking the Court to strike the Amended Complaint filed without leave of Court.

On June 26, 2025, the Clerk's Office filed a Supplemental Reply Brief in Further Support of Motion to Dismiss [ECF No. 28].

On June 26, 2025, the Plaintiff filed a Motion to Disqualify Deputy Attorney General Adrienne Pope for Conflict of Interest, Constitutional Violations, and Unethical Conduct [ECF No. 31]. The Superior Court filed a response [ECF No. 34] on July 10, 2025.

On June 26, 2025, the Plaintiff filed a Motion to Appoint Counsel [ECF No. 32].

---

Plaintiff typed: "'All Rights Reserved: /s/ By Authorized Representative: Mr Eric-Joshua: Mapes. UCC 1-207/1-308 UCC 1-103:' Under Duress Without Recourse." ECF No. 23, p.6.

On June 27, 2025, the Superior Court filed a Reply in Support of Motion to Dismiss [ECF No. 33].

On July 21, 2025, the Plaintiff filed another Response [ECF No. 35], ten pages in length and without leave of Court, to the Defendants' Motions to Dismiss. On July 29, 2025, the Clerk's Office filed a Motion to Strike [ECF No. 37] that response.

On July 28, 2025, the Plaintiff filed an unsigned "Motion to Supplement Record with Evidence of Ongoing Civil Rights Violations and Request for Immediate Relief" [ECF No. 36], attempting to bring litigation against CVS Pharmacy pursuant to Federal Rule of Civil Procedure 15(d).

## ANALYSIS

### A. Motions to Strike, Motion to Disqualify, Motion to Appoint Counsel, Motion for Clarification, and Motion to Supplement

As an initial matter, the Court addresses several pending motions.[2] First, the Court grants the Clerk's Office's Motion to Strike [ECF No. 29] and strikes the Plaintiff's Amended Complaint [ECF No. 25] that was filed without leave of court. The Plaintiff filed his original Complaint on March 25, 2025. The Superior Court file a Motion to Dismiss [ECF No. 14] on May 8, 2025, and the Clerk's Office filed a Motion to Dismiss [ECF No. 16] on May 19, 2025.

---

[2] This Court takes judicial notice of the Indiana Supreme Court's decision noting the Plaintiff's abusive filings and abusive conduct to court personnel in the Indiana state courts. *See Mapes v. State of Indiana*, 201 N.E.3d 1168, No. 22A-MI-2489, 2023 WL 1856699 (Ind. Feb. 9, 2023). In addition, the Plaintiff has filed numerous cases in the Northern District of Indiana: *Mapes v. Indiana*, 1:19-CV-51-WCL-SLC (closed 2/15/2019); *Mapes v. Cable One*, 2:22-CV-203-PPS-JEM (closed 8/11/2022); *See Mapes v. PACER*, 4:22-CV-78-TLS-JEM (closed 3/17/2023); *Mapes v. Falks*, 4:22-CV-81-APR (closed 5/10/2023); *Mapes v. Rush*, 4:23-CV-17-PPS-JEM (closed 2/27/2023); *Mapes v. Home Depot*, 2:25-CV-123-PPS-JEM (filed 3/14/2025); *Mapes v. CVS Health Inc.*, 2:25-CV-337-GSL-JEM (Filed 7/28/2025); *Mapes v. Delphi Police Department*, 2:25-CV-354-GSL-JEM (filed 8/4/2025); *Mapes v. Indiana*, 2:25-CV-378-GSL-JEM (closed 10/15/2025); *Mapes v. IBJ Media Holdings LLC*, 2:25-CV-403-PPS-JEM (filed 9/3/2025); *Mapes v. Indiana Court of Appeals*, 2:25-CV-404-GSL-JEM (closed 10/10/2025).

The Plaintiff filed the Amended Complaint on June 20, 2025. The Plaintiff did not respond to this Motion to Strike.

Federal Rule of Civil Procedure 15(a)(1)(B) allows a plaintiff to file an amended complaint as a matter of course within twenty-one days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Federal Rule of Civil Procedure 6(d) allows for an extra three days to respond "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)." Fed. R. Civ. P. 6(d). Thus, the Plaintiff had twenty-four days from May 19, 2025, which was June 12, 2025, to file an Amended Complaint. The Plaintiff's Amended Complaint was not filed until June 20, 2025, and, therefore, could only have been filed with the opposing parties' written consent or leave of court, which he did not have. *See* Fed. R. Civ. P. 15(a)(2).

The Court also grants the Clerk's Office's Motion to Strike [ECF No. 37] and strikes the Plaintiff's second Response [ECF No. 35] to the Motions to Dismiss that was filed on July 21, 2025. The Plaintiff filed his original response to the Motions to Dismiss on June 20, 2025 [ECF Nos. 24, 27], and the Defendants filed replies on June 26 and 27, 2025 [ECF Nos. 28, 33]. Northern District of Indiana Local Rule 7-1 does not provide for a sur-response, and the Plaintiff did not seek leave to file one. *See* N.D. Ind. L.R. 7-1(d). The Plaintiff did not respond to this Motion to Strike. Nevertheless, given the Plaintiff's pro se status, the Court has reviewed the second Response and finds that it does not include any additional factual content that would state a claim against either Defendant.

Next, the Court denies the Plaintiff's Motion to Disqualify Deputy Attorney General Adrienne Pope [ECF No. 31]. The Plaintiff contends that Deputy Attorney General Adrienne Pope's prior representation of Indiana Supreme Court General Counsel and ADA Coordinator

Heather Falks in *Mapes v. Falks*, No. 4:22-CV-81 (N.D. Ind. 2023), creates a conflict of interest, violates the Constitution, and is unethical. Courts apply a two-step analysis when deciding a motion to disqualify counsel. *See Iqbal v. Patel*, No. 2:12-CV-56, 2017 WL 11491159, at *1 (N.D. Ind. Dec. 29, 2017) (citing *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997)). First, the court determines whether an ethical violation has occurred. *Id.* Second, if so, the court determines whether disqualification is the appropriate remedy for the violation. *Id.* Here, no ethical violation occurred. Attorney Pope's representation of a different client in a different lawsuit brought by the Plaintiff violates no ethical rules. Moreover, as argued by the Superior Court, the Plaintiff lacks standing to bring this motion as he is neither a current nor former client of Attorney Pope's. *See Meshberger v. Wright*, No. 1:24-CV-371, 2024 WL 4692088, at *2 (N.D. Ind. Nov. 6, 2024) ("[T]he general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." (quoting *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 885, 891 (S.D. Ind. 2014))).

The Court also denies the Plaintiff's Motion to Appoint Counsel [ECF No. 32]. There is no "constitutional or statutory right to court-appointed counsel" in a federal civil case. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc)); *see Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). However, a court may request an attorney to represent a person who is unable to afford counsel in a civil case. *Walker*, 900 F.3d at 938 (citing 28 U.S.C. § 1915(e)(1)). The decision to seek volunteer counsel rests in the discretion of the district court. *Pruitt*, 503 F.3d at 654. The court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the

plaintiff appear competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d

319, 321–22 (7th Cir. 1993)). The Plaintiff has not made any showing that he has attempted to

obtain counsel or has been effectively precluded from doing so. Regardless, the Court finds that,

despite his disabilities, the Plaintiff has vigorously litigated this lawsuit as well as his other

lawsuits, and, at this stage of the litigation, the factual matters necessary to state a claim are

within his personal knowledge such that he is competent to represent himself on these motions.

On June 2, 2025, after the Defendants' Motions to Dismiss were filed but before filing

his substantive response briefs, the Plaintiff filed a Motion for Clarification [ECF No. 18].

Neither the Federal Rules of Civil Procedure nor the Northern District of Indiana Local Rules

allows for a motion for clarification. To the extent the Plaintiff intended to provide additional

information in support of his Complaint or to bring claims against additional individuals, he

should have filed either an Amended Complaint as a matter of course within twenty-one days of

the filing of the Motions to Dismiss or a Motion for Leave to Amend with the Court.

Accordingly, the Court STRIKES the Motion for Clarification [ECF No. 18]. Nevertheless,

given the Plaintiff's pro se status, the Court has reviewed the Motion for Clarification and finds

that it does not include any additional factual content that would state a claim against either

Defendant.

On July 28, 2025, the Plaintiff filed an unsigned "Motion to Supplement Record with

Evidence of Ongoing Civil Rights Violations and Request for Immediate Relief" [ECF No. 36],

attempting to bring litigation against nonparty CVS Pharmacy for its failure to dispense

medication to him. The Plaintiff invokes Federal Rule of Civil Procedure 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to
> serve a supplemental pleading setting out any transaction, occurrence, or event that
> happened after the date of the pleading to be supplemented. The court may permit
> supplementation even though the original pleading is defective in stating a claim or

defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Rule 15(d) is not the proper vehicle to bring a claim against a new defendant unrelated to the claims presented in the original pleading. *See Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) ("Rule 15(d) . . . governs the supplementation of a pleading as a result of events subsequent to the filing of the original pleading . . . ."); *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008) ("A court should permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading." (citation omitted)). Accordingly, the Court denies the Plaintiff's Motion to Supplement [ECF No. 36]. The Court notes that the same day the Plaintiff filed this Motion to Supplement, he also filed a new civil case against CVS Health, Inc., bringing similar factual allegations. *See Mapes v. CVS Health, Inc.*, 2:25-CV-337-GSL-JEM (filed 7/28/2025).

**B.      Motions to Dismiss**

Each Defendant has a filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They both argue that, throughout his filings, the Plaintiff asserts that the Defendants discriminated and retaliated against him based on his disabilities and protected activity but he provides little to no facts about these claims, how the Defendants engaged in intentional discrimination, or how and when the Plaintiff interacted with the Defendants.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank*

*Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

"Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (citation omitted). A plaintiff must "adequately connect specific defendants to illegal acts." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). A document filed pro se is to be liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (cleaned up). The Court finds that the Plaintiff's Complaint is lacking in factual allegations sufficient to put the Defendants on notice of the claims against them as required by Rule 8. *See Peele v. Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that "vague boilerplate language" is "not enough to give fair notice" of the claim under Rule 8(a)). The Court addresses each claim in turn.

1.      *Title II of the Americans with Disabilities Act and the Rehabilitation Act*

The Complaint cites Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, which provides that "no qualified individual with a disability shall, by reason of such disability,

be excluded from participation in or be denied the benefits of the services, programs, or activities

of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Similarly, Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified

individual with a disability . . . shall, solely by reason of her or his disability, be excluded from

the participation in, be denied the benefits of, or be subject to discrimination." 29 U.S.C.

§ 794(a). To state a claim under either statute, the Plaintiff must plead facts to plausibly suggest

that (1) he is a qualified individual with a disability; (2) he was denied the benefits of the

services, programs, or activities of a public entity or otherwise subjected to discrimination by

such an entity; and (3) the denial or discrimination was by reason of his disability. *See Brown v.*

*Meisner*, 81 F.4th 706, 708–09 (7th Cir. 2023) (quoting 42 U.S.C. § 12132); *see also* 29 U.S.C.

§ 794(a); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (explaining that a claim under

the Rehabilitation Act is "functionally identical" to one under Title II of the ADA); *Jaros v. Ill.*

*Dep't Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (Rehabilitation Act).

The Complaint also cites the anti-retaliation provision of the ADA. *See* 42 U.S.C

§ 12203. First, "[n]o person shall discriminate against any individual because such individual has

opposed any act or practice made unlawful by this chapter or because such individual made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing under this chapter." 42 U.S.C. § 12203(a). Second, "[i]t shall be unlawful to coerce,

intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on

account of his or her having exercised or enjoyed, or on account of his or her having aided or

encouraged any other individual in the exercise or enjoyment of, any right granted or protected

by this chapter." *Id.* § 12203(b). To state a claim of ADA retaliation, a plaintiff must allege that

"[he] engaged in protected activity, that [he] suffered an adverse action, and that there is a causal

connection between the two." *Rowlands v. United Parcel Serv.–Fort Wayne*, 901 F.3d 792, 801

(7th Cir. 2018) (citation omitted).

As argued by both Defendants, most of the Complaint's allegations are conclusory legal

statements about legal violations and liability, referencing generally the "Defendant's Et al"

without identifying facts against any individual defendant. In other words, the Defendants are

left to guess what conduct, if any, forms the basis of the Plaintiff's Complaint. Both the Superior

Court and the Clerk's Office argue that the Plaintiff has not included any factual allegations

against them as a basis to hold it liable under the ADA. The Court agrees. The Complaint does

not contain any factual allegations of alleged wrongdoing by either Defendant. The Plaintiff's

broad allegations that the Defendants violated his rights under the ADA are nothing more than

labels, conclusions, and formulaic recitations insufficient to plausibly state a viable claim of

relief against either Defendant under the ADA or the Rehabilitation Act.

In addition, the Plaintiff has not alleged a service, program, or activity within the

meaning of the ADA to which he was denied access. In addition, he has not alleged any facts

regarding the alleged denial of accommodations. As for his ADA retaliation claim, although he

alleges that, on March 11, 2025, the "superior court clerk" retaliated against the Plaintiff and his

three-year old autistic son "merely because an unlawful act was opposed and the clerk then used

court security to threaten[] and intimidate the Plaintiff and his autistic son" the Plaintiff does not

identify what unlawful act he opposed that would constitute a protected activity under the statute.

Despite both Defendants' motions raising these deficiencies in the factual allegations of

the Complaint and these facts being within the Plaintiff's knowledge without the need for an

understanding of complex legal principles, the Plaintiff's response briefs provide no further

factual detail to put the Defendants on notice of his claims. Instead, he continues to cite legal

authority and assert broad allegations of liability without factual application to this case, and he references factual and legal matters not at issue in this lawsuit. The Court grants both Defendants' Motions to Dismiss the Plaintiff's ADA and Rehabilitation Act claims.

*2.*        *42 U.S.C. § 1983—First Amendment*

The Plaintiff also brings a § 1983 claim for a violation of the First Amendment to the United States Constitution, alleging generally that he was retaliated against for some unspecified speech. Section 1983 creates a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects an individual to the deprivation of federal rights. 42 U.S.C. § 1983. The general allegations regarding his protected speech all pertain to alleged past, discrete speech violations. There are no allegations suggesting an on-going First Amendment violation. To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) his speech was constitutionally protected, (2) he suffered an adverse action or a deprivation likely to deter free speech, and (3) the protected conduct was at least a motivating factor behind the adverse action. *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citation omitted); *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Here, although the Plaintiff alleges generally that he engaged in protected speech on March 11, 2025, he does not identify the nature and content of the alleged protected speech. This is insufficient to state a claim under the First Amendment. *See Marmarchi v. Bd. of Trs. of Univ. of Ill.*, 715 F. App'x 529, 532 (7th Cir. 2017) ("[W]ithout any elaboration, the speech that the plaintiff *thought* was protected might not be, and because the possibility that it is unprotected cannot be tested, the complaint should be dismissed." (citing *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998))).

Moreover, each Defendant correctly argues that it is not a suable entity for a claim under § 1983 for damages. Courts and state agencies are not considered "persons" for purposes of a § 1983 claim for damages. *See Will v Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Lake Cnty. Juv. Ct. v. Swanson*, 671 N.E.2d 429, 435 (Ind. Ct. App. 1996) (recognizing that Indiana state courts are state entities); Ind. Code § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). And to the extent the Plaintiff may be suing the Carroll County Court as the building where the court is housed, the building is also not a person or policy-making body that can be sued for constitutional violations under § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Accordingly, the Court grants both Defendants' Motions to Dismiss as to the Plaintiff's § 1983 claims.

3.      *Dismissal with Prejudice*

The Defendants request that the case be dismissed with prejudice because the Plaintiff has failed to state a claim. *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015) (recognizing that dismissal under Rule 12(b)(6) is a dismissal with prejudice). If a district court dismisses for failure to state a claim, the court ordinarily should give the party one opportunity to cure the problem. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). However, the court "may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowed of the amendment, [and] futility of the amendment.'" *Id.* (citation omitted). Here, the Plaintiff's response briefs fail to identify any alleged facts to state a claim against these Defendants despite the Defendants' motions specifically identifying the deficiencies in the Plaintiff's Complaint. Moreover, the Plaintiff's numerous other filings made without leave of court, which appear to

14

attempt to clarify or amend his Complaint, also do not contain the factual allegations sufficient to state a claim. Accordingly, the dismissal will be with prejudice.

**CONCLUSION**

For these reasons, the Court hereby

1.    GRANTS Defendant Carroll County Clerk's Office's Motion to Strike [ECF No. 29] and STRIKES the Plaintiff's Amended Complaint [ECF No. 25];

2.    GRANTS Defendant Carroll County Clerk's Office Motion to Strike [ECF No. 37] and STRIKES the Plaintiff's second Response [ECF No. 35];

3.    STRIKES the Plaintiff's Motion for Clarification [ECF No. 18];

4.    DENIES the Plaintiff's Motion to Disqualify Deputy Attorney General Adrienne Pope for Conflict of Interest, Constitutional Violations, and Unethical Conduct [ECF No. 31];

5.    DENIES the Plaintiff's Motion to Appoint Counsel [ECF No. 32];

4.    DENIES the Plaintiff's Motion to Supplement [ECF No. 36];

5.    GRANTS Carroll County Superior Court's Motion to Dismiss [ECF No. 14] and Carroll County Clerk's Office's Motion to Dismiss [ECF No. 16]; and

6.    DISMISSES the Plaintiff's Complaint with prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED on October 27, 2025.

s/ Theresa L. Springmann         <br>JUDGE THERESA L. SPRINGMANN<br>UNITED STATES DISTRICT COURT