UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIC J. MAPES, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:25-CV-26-TLS-AZ |
| CARROLL COUNTY SUPERIOR COURT and CARROLL COUNTY CLERKS OFFICE, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Rule 59(e) Motion to Reconsider Dismissal with Prejudice and Restore Access to Justice Due to Procedural and Disability-Based Exclusion in a Matter Involving the Same Exclusion Raised Against State-Level Courts and Clerks' Offices [ECF No. 50] filed by Plaintiff Eric J. Mapes on November 14, 2025. The Defendants have not filed a response, and the time to do so has passed. For the reasons set forth below, the Court denies the motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

On March 25, 2025, Plaintiff Eric J. Mapes, pro se, filed a Complaint [ECF No. 4] in the Carroll County, Indiana, Superior Court against Defendants Carroll County Superior Court (Superior Court) and Carroll County Clerks Office (Clerk's Office). The Complaint invoked Title II of the Americans with Disabilities Act, the Rehabilitation Act, and the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Although the Complaint indicated that more than three defendants are being sued, only the Superior Court and the Clerk's Office were named. *See* Compl. 2, 7.

In the Complaint, the Plaintiff alleged that the Defendants intentionally violated his rights as a man with multiple disabilities, took actions with deliberate indifference to his disabilities, and retaliated against him. *Id.* The Plaintiff alleged that the Defendants used coercive threats and intimidation of the Plaintiff and his autistic son after the Plaintiff asserted his rights under the ADA and the Constitution, where the Defendants instructed court security to engage in acts of intimidation and coercion because of the Plaintiff's and his son's disabilities. *Id.* 2–3. The Plaintiff alleged that "[t]he Superior Court Defendant has also shown ongoing exploitation and differential treatment regarding the disabled Plaintiff's rights under the ADA and his Constitutional rights that protect his and his son's property where the Court corruptly influenced the due administration of justice." *Id.* 3. The Plaintiff alleged that, on March 11, 2025, the "superior court clerk" retaliated against the Plaintiff and his three-year old autistic son "merely because an unlawful act was opposed and the clerk then used court security to threaten[] and intimidate the Plaintiff and his autistic son . . . ." *Id.*

The next several pages of the Complaint recited law and history related to the Americans with Disabilities Act, retaliation, hate crimes, criminal law, and the United States Constitution. *Id.* 4–9.

The Plaintiff then brought a claim under the ADA. *Id.* 9–10. Citing 42 U.S.C. § 12101, the Plaintiff alleged that he, as a person with multiple disabilities, was "excluded . . . from participating in and receiving the benefits of the services of a place of public accommodation." Compl. 9. The Plaintiff alleged that he is disabled from a neurological voice disorder— spasmodic dysphonia. *Id.* 3–4. He alleged that the Defendants' "practices after they were placed on notice were intentionally discriminatory and exhibited a deliberate indifference to the strong likelihood" that his rights under the ADA would be violated. *Id.* 10. He alleged that the

2

Defendants violated his rights under the ADA, denying him the benefits of services, subjecting him to retaliation, and subjecting him to discrimination based on his disabilities. *Id.* He alleged that, as a result, he suffered humiliation, anxiety, mental anguish, emotional distress, and ongoing retaliation and deprivation of rights. *Id.*

The Plaintiff also brought a claim under the First Amendment, alleging that he was excluded from participating in and receiving the benefit of the services of a place of public accommodation after he engaged in federally protected activities and rights. *Id.* He alleged the Defendants mistreated him in violation of the First Amendment as a direct result of him exercising his rights under the Constitution and Title II of the ADA. *Id.* 11. He alleged he has suffered humiliation, anxiety, mental anguish, emotional distress, and ongoing retaliation and deprivation of rights. *Id.*

The Complaint's prayer for relief requested declaratory and equitable relief, compensatory damages, and punitive damages. *Id.*

On May 8, 2025, the Superior Court filed a Motion to Dismiss [ECF No. 14], and on May 19, 2025, the Clerk's Office filed a Motion to Dismiss [ECF No. 16]. On June 2, 2025, the Plaintiff filed a five-page "Motion for Clarification" [ECF No. 18], which purported to provide clarification of his claims.

On June 11, 2025, the Clerk's Office filed a Reply [ECF No. 19] in support of its Motion to Dismiss. The Reply was to the Plaintiff's Response [ECF No. 27], which the Plaintiff had served on the Clerk's Office on June 4, 2025, but did not file with this Court until June 20, 2025. *See* ECF No. 27.

On June 20, 2025, the Plaintiff filed a six-page, unsigned "Plaintiff's Reply to Defendant's Mischaracterization of Claims, Legal Exploitation, and Failure to Meet Burden-Shifting Requirements" [ECF No. 23].[1] It is unclear what filing this was in response to.

On June 20, 2025, the Plaintiff also filed a four-page, unsigned "Opposition to Defendant's Motion to Dismiss" [ECF No. 24] but did not specify which motion to dismiss it is responding to. However, on page 3, the Plaintiff argued that "clerks are public servants subject to accountability," suggesting that this was a response to the Clerk's Office's Motion to Dismiss [ECF No. 16]. The Certificate of Service provided that the filing was sent to counsel for both Defendants on June 14, 2025.

On June 20, 2025, the Plaintiff filed a second, five-page "Opposition to Defendant's Motion to Dismiss [ECF No. 27] but again did not specify which motion to dismiss it is responding to. However, on page 1, the Plaintiff referenced "Defendants' counsel, Deputy Attorney General Alexander Myers," suggesting that this was a response to the Superior Court's Motion to Dismiss [ECF No. 14]. The Certificate of Service provided that the filing was sent to counsel for both Defendants on June 4, 2025.

On June 20, 2025, the Plaintiff also filed an unsigned Amended Complaint [ECF No. 25], and on June 26, 2025, the Clerk's Office filed a Motion to Strike [ECF No. 29], asking the Court to strike the Amended Complaint filed without leave of Court.

On June 26, 2025, the Clerk's Office filed a Supplemental Reply Brief in Further Support of Motion to Dismiss [ECF No. 28].

---

[1] Northern District of Indiana Local Rule 5-4(b)(1)(C) requires that "[p]apers delivered to the clerk for filing must . . . include the filer's original signature." This filing had no original signature. Rather, the Plaintiff typed: "'All Rights Reserved: /s/ By Authorized Representative: Mr Eric-Joshua: Mapes. UCC 1-207/1-308 UCC 1-103:' Under Duress Without Recourse." ECF No. 23, p.6.

On June 26, 2025, the Plaintiff filed a Motion to Disqualify Deputy Attorney General Adrienne Pope for Conflict of Interest, Constitutional Violations, and Unethical Conduct [ECF No. 31]. The Superior Court filed a response [ECF No. 34] on July 10, 2025.

On June 26, 2025, the Plaintiff filed a Motion to Appoint Counsel [ECF No. 32].

On June 27, 2025, the Superior Court filed a Reply in Support of Motion to Dismiss [ECF No. 33].

On July 21, 2025, the Plaintiff filed another Response [ECF No. 35], ten pages in length and without leave of Court, to the Defendants' Motions to Dismiss. On July 29, 2025, the Clerk's Office filed a Motion to Strike [ECF No. 37] that response.

On July 28, 2025, the Plaintiff filed an unsigned "Motion to Supplement Record with Evidence of Ongoing Civil Rights Violations and Request for Immediate Relief" [ECF No. 36], attempting to bring litigation against CVS Pharmacy pursuant to Federal Rule of Civil Procedure 15(d).

On October 27, 2025, the Court issued an Opinion and Order [ECF No. 41], granting the Motion to Strike [ECF No. 29] and striking the Amended Complaint [ECF No. 25]; granting the Motion to Strike [ECF No. 37] and striking the Plaintiff's Second Response [ECF No. 35]; striking the Motion for Clarification [ECF No. 18]; denying the Motion to Disqualify Deputy Attorney General Adrienne Pope [ECF No. 31]; denying the Motion for Appointment of Counsel [ECF No. 32]; denying the Motion to Supplement [ECF No. 36]; and granting the Motions to Dismiss [ECF No. 14, 16]. Judgment was entered on October 28, 2025. ECF No. 42.

On November 14, 2025, the Plaintiff filed the instant Rule 59(e) Motion to Reconsider [ECF No. 50] as well as a Rule 59(e) filing packet [ECF No. 44], a letter to the clerk [ECF No. 45], two letters to the Judge [ECF No. 46, 47], a Statement of Federal Fiduciary Authority and

Prohibition Against Unauthorized Mischaracterization, Discrimination, Retaliation, and Constitutional Obstruction [ECF No. 48], and a Judicial Declaration [ECF No. 49].

## ANALYSIS

"Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). The Court has carefully read and considered the Plaintiff's 25-page motion and finds no basis to reconsider its October 27, 2025 Opinion and Order. The Court addresses each of the Plaintiff's arguments in turn.[2]

First, the Plaintiff states that "[t]he Court's dismissal order incorrectly asserts that Plaintiff failed to request relief" and then lists the various forms of relief requested in the Complaint. Mot. 2, ECF No. 50. This is incorrect. The Court specifically acknowledged the various forms of relief sought by the Plaintiff. *See* Oct. 27, 2025 Op. & Ord. 3, ECF No. 41. However, the Court found that the Complaint "fails to state a claim upon which relief may be granted" under the legal standard of Federal Rule of Civil Procedure 12(b)(6). *Id.* 9, 12–14.

Second, the Plaintiff argues that the Court failed to apply controlling precedent affirming the right to counsel and accommodations for disabled litigations. Several cases cited by the

---

[2] This Court again takes judicial notice of the Indiana Supreme Court's decision noting the Plaintiff's abusive filings and abusive conduct to court personnel in the Indiana state courts. *See Mapes v. State of Indiana*, 201 N.E.3d 1168, No. 22A-MI-2489, 2023 WL 1856699 (Ind. Feb. 9, 2023). In addition, the Plaintiff has filed numerous cases in the Northern District of Indiana: *Mapes v. Indiana*, 1:19-CV-51-WCL-SLC (closed 2/15/2019); *Mapes v. Cable One*, 2:22-CV-203-PPS-JEM (closed 8/11/2022); *See Mapes v. PACER*, 4:22-CV-78-TLS-JEM (closed 3/17/2023); *Mapes v. Falks*, 4:22-CV-81-APR (closed 5/10/2023); *Mapes v. Rush*, 4:23-CV-17-PPS-JEM (closed 2/27/2023); *Mapes v. Home Depot*, 2:25-CV-123-PPS-JEM (filed 3/14/2025); *Mapes v. CVS Health Inc.*, 2:25-CV-337-GSL-JEM (Filed 7/28/2025); *Mapes v. Delphi Police Department*, 2:25-CV-354-GSL-JEM (filed 8/4/2025); *Mapes v. Indiana*, 2:25-CV-378-GSL-JEM (closed 10/15/2025); *Mapes v. IBJ Media Holdings LLC*, 2:25-CV-403-PPS-JEM (filed 9/3/2025); *Mapes v. Indiana Court of Appeals*, 2:25-CV-404-GSL-JEM (closed 10/10/2025).

6

Plaintiff are out-of-circuit and, thus, are not controlling precedent. In denying the Plaintiff's request for counsel, the Court cited the relevant case law now cited by the Plaintiff.

In its prior Opinion and Order, the Court recognized that there is no "constitutional or statutory right to court-appointed counsel" in a federal civil case. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc)); *see Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). The Court recognized, however, that a court may request an attorney to represent a person who is unable to afford counsel in a civil case. *Walker*, 900 F.3d at 938 (citing 28 U.S.C. § 1915(e)(1)). The Court explained that the decision to seek volunteer counsel rests in the discretion of the district court, *Pruitt*, 503 F.3d at 654, and that the court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?", *id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). The Court found that the Plaintiff had not made any showing that he has attempted to obtain counsel or had been effectively precluded from doing so. Regardless, the Court also found that, despite his disabilities, the Plaintiff had vigorously litigated this lawsuit as well as his other lawsuits, and, at this stage of the litigation, the factual matters necessary to state a claim are within his personal knowledge such that he is competent to represent himself on these motions. The Plaintiff's Rule 59(e) Motion does not acknowledge or dispute these findings. In fact, the Plaintiff's timely filing of the instant Rule 59(e) motion and extensive citation to law supports the Court's finding that he is competent to represent himself at this stage of the litigation notwithstanding his disabilities.

Third, the Plaintiff argues that, in striking the Amended Complaint and responsive filings as unsigned, the Court failed to offer the Plaintiff as a pro se litigant an opportunity to cure the

7

defects. As for the Amended Complaint, the Court struck the Amended Complaint because it was filed without leave of court and the Plaintiff did not file a response to the Motion to Strike. In support, the Court cited Federal Rule of Civil Procedure 15(a)(1)(b) and Federal Rule of Civil Procedure 6(d). Although the Plaintiff now asserts that poverty prevented timely amendment, the argument is not well taken. The Plaintiff is a prolific filer and has demonstrated the repeated ability to timely file documents, yet the Plaintiff did not seek leave to amend the complaint nor did he respond to the motion to strike to assert this argument. The Plaintiff has not demonstrated a manifest error of law or newly discovered facts to reconsider the Court's ruling striking the Amended Complaint.

As for striking the unsigned filings, the Court specifically stated in the Opinion and Order that it nevertheless reviewed the stricken filings and found that they did not change the ruling. *See* Oct. 27, 2025 Op. & Ord. 6, 8.

Fourth, the Plaintiff argues that the Court improperly dismissed his claims with prejudice because he has plausible claims. In Part B.3 of the Court's October 27, 2025 Opinion and Order, the Court granted the Defendants' request that the case be dismissed with prejudice because the Plaintiff had failed to state a claim. *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015) (recognizing that dismissal under Rule 12(b)(6) is a dismissal with prejudice). The Court recognized that if dismissal is for failure to state a claim, the court ordinarily should give the party one opportunity to cure the problem, *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), but also that the court "may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowed of the amendment, [and] futility of the amendment'" *id.*

8

(citation omitted). The Court found that the Plaintiff's response briefs failed to identify any alleged facts to state a claim against these Defendants despite the Defendants' motions specifically identifying the deficiencies in the Plaintiff's Complaint. The Court also found that the Plaintiff's numerous other filings made without leave of court, which appeared to attempt to clarify or amend his Complaint, also did not contain the factual allegations sufficient to state a claim. The Plaintiff's instant Rule 59(e) Motion asserts that he has certain legally cognizable claims, citing law in support of each claim. However, the Plaintiff still offers no facts sufficient to state a claim and does not identify any error with the Court's rulings in Parts B.1 and B.2 of its October 27, 2025 Opinion and Order on his ADA and First Amendment claims.

Fifth, the Plaintiff argues that the Court's denial of his request to use electronic filing is a violation of the ADA and the Rehabilitation Act. The docket does not appear to contain a motion in this case requesting the use of the electronic filing system, and the Plaintiff does not specifically identify any such motion. This is a new claim and not a basis to reconsider the Court's ruling.

Sixth, the Plaintiff contests the Court's denial of his Motion to Disqualify Deputy Attorney General Adrienne Pope [ECF No. 31]. In that motion, the Plaintiff contended that Deputy Attorney General Adrienne Pope's prior representation of Indiana Supreme Court General Counsel and ADA Coordinator Heather Falks in *Mapes v. Falks*, No. 4:22-CV-81 (N.D. Ind. 2023), creates a conflict of interest, violates the Constitution, and is unethical. Applying the two-step analysis for deciding a motion to disqualify counsel, *see Iqbal v. Patel*, No. 2:12-CV-56, 2017 WL 11491159, at *1 (N.D. Ind. Dec. 29, 2017) (citing *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997)), the Court found that no ethical violation occurred because Attorney Pope's representation of a different client in a different lawsuit brought by the Plaintiff

9

violates no ethical rules. The Court also found that the Plaintiff lacks standing to bring this motion as he is neither a current nor former client of Attorney Pope's. *See Meshberger v. Wright*, No. 1:24-CV-371, 2024 WL 4692088, at *2 (N.D. Ind. Nov. 6, 2024) ("[T]he general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." (quoting *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 885, 891 (S.D. Ind. 2014))).

The Plaintiff argues that the Court failed to address ABA Model Rule 1.7(a)(2), which provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest" and that "[a] concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." However, the Court specifically held that there is no ethical violation by Attorney Pope representing a client in this lawsuit after representing a different client in a separate lawsuit brought by the Plaintiff. As for his citation to 28 U.S.C. § 455, the Plaintiff has identified no basis for questioning the undersigned's impartiality or for any personal bias by the undersigned. The Plaintiff also does not address the Court's ruling regarding standing.

Seventh, the Plaintiff restates numerous constitutional and statutory provisions, asserting that the Court omitted or misapplied them. However, the Plaintiff provides no analysis in the context of the facts of this case. And the Plaintiff does not address the Court's analysis in Parts B.1 and B.2 of the October 27, 2025 Opinion and Order regarding his ADA and First Amendment claims. The only specific factual reference in the Plaintiff's 25-page Rule 59(e) Motion is that his "claims were supported by . . . [s]pecific factual allegations of intimidation and

10

exclusion on March 11, 2025." Mot. 16, ECF No. 50. The Court's October 27, 2025 Opinion and Order stated:

> As for his ADA retaliation claim, although he alleges that, on March 11, 2025, the "superior court clerk" retaliated against the Plaintiff and his three-year old autistic son "merely because an unlawful act was opposed and the clerk then used court security to threaten[] and intimidate the Plaintiff and his autistic son," the Plaintiff does not identify what unlawful act he opposed that would constitute a protected activity under the statute.

Oct. 27, 2025 Op. & Ord. 12. The instant Rule 59(e) Motion does not acknowledge that ruling nor does it identify any specific factual allegations identifying what unlawful act he opposed that would constitute a protected activity under the statute. The Plaintiff does not explain how he has alleged facts sufficient to state a claim regarding the events of March 11, 2025.

Finally, the Court has read the Plaintiff's other filings. *See* ECF Nos. 44–49. While all arguments in support of the Rule 59(e) Motion are required to be made within the 25-page limit of that motion, in the interests of justice, the Court has considered the other filings and finds that they also do not provide a basis for reconsidering the Court's October 27, 2025 Opinion and Order.

## CONCLUSION

For these reasons, the Court hereby DENIES the Plaintiff's Rule 59(e) Motion to Reconsider Dismissal with Prejudice and Restore Access to Justice Due to Procedural and Disability-Based Exclusion in a Matter Involving the Same Exclusion Raised Against State-Level Courts and Clerks' Offices [ECF No. 50].

SO ORDERED on December 8, 2025.

       s/ Theresa L. Springmann
       JUDGE THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT